UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FORD MOTOR COMPANY,

    Plaintiff,

v.

    Case No. 16-14250

    Honorable Victoria A. Roberts

TRIDENT BARROW MANAGEMENT 22, LLC,

    Defendant.

_____/

## ORDER DENYING DEFENDANT'S AMENDED MOTION FOR CANCELLATION OF NOTICE OF LIS PENDENS [Doc. 31]

Ford Motor Company ("Ford"), filed a breach of contract claim against Trident Barrow Management, LLC ("Trident") on November 11, 2016. Ford alleges that Trident's refusal to execute a restrictive covenant upon Ford's request breaches the express terms of an agreement between the parties. On July 21, 2017, Ford filed a notice of *lis pendens*, stating that the action had commenced and that it affects the real property concerning the restrictive covenant.

Trident filed an amended motion for cancellation of the notice of *lis pendens* ("Motion"). That motion is DENIED.

    I.    Background

In December 2012, Ford sold Trident the majority of the acreage of the former Wixom Assembly Plant ("Wixom Site"), where Ford assembled automobiles from 1957 through 2007. On December 21, 2012, Ford and Trident entered into an Environmental Cooperation Agreement ("ECA"). It sets forth the obligations of Ford and Trident in

1

remediating the environmental conditions of the Wixom Site. Under the ECA, Ford agreed to complete remedial actions to ensure that the Wixom Site complied with Michigan's Natural Resources and Environmental Protection Act ("NREPA").

On July 26, 2016, Ford sent Trident a letter saying that Ford had completed its on-site remediation work. Ford asked Trident to execute a restrictive covenant that would, *inter alia*, prohibit the Wixom Site from being developed for residential purposes, and for its groundwater to be used for drinking or irrigation purposes. The letter stated that the restrictive covenant to be signed by Trident, would need to be submitted to the Michigan Department of Environmental Quality ("MDEQ") as required by the NREPA.

Trident refused to execute the restrictive covenant, arguing that it was not obligated to because Ford had first materially breached the ECA by submitting erroneous reports to the MDEQ. Trident also argues that Ford's remediation activities had not been completed, meaning Trident's obligation to execute the restrictive covenant had not yet been triggered. This lawsuit followed.

In its Motion, Trident argues that Ford's notice of *lis pendens* should be canceled because: 1) Ford's breach of contract suit does not affect title to real property; and 2) the harms to Trident caused by the notice far outweigh any purported benefit to Ford. Trident also argues that the Court should award it fees and costs it incurred in connection with this Motion.

Ford contends that: 1) the restrictive covenant does affect title to the Wixom Site; and 2) the notice protects the interests of the public and Ford, and does not impose more than an existing contractual duty on Trident.

2

II. Legal Standard

The filing of a notice of *lis pendens* notifies prospective purchasers of real property of a legal action concerning the property, and warns potential purchasers that they take the property subject to any judgment rendered in the litigation. *Chirco v. S. R. Acquisitions, LLC*, 2000 U.S. Dist. LEXIS 23821, *6-7 (E.D. Mich. Aug. 2, 2000) (citing M.C.L. § 600.2701(1)). "Such a notice may be filed even if the action is brought in a federal court." *Id.* at *7 (citing M.C.L. § 600.2735(1), which "applies to suits affecting title to real property in the federal courts").

III. Analysis

A. The Restrictive Covenant Affects Title To The Wixom Site

Trident argues that the Court should enter an order cancelling Ford's notice of *lis pendens* because Ford's suit does not affect Trident's title to the Wixom Site. Instead, according to Trident, the case concerns whether Ford completed the environmental remediation activities at the Wixom Site, such that Trident's obligations to execute the restrictive covenant ripened. Trident says its obligation to execute and file a restrictive covenant once remediation efforts are complete, is memorialized in the ECA, which itself is recorded and makes clear that the obligations under the ECA run with the land. Trident says that the only impact of Ford's notice is to prejudice Trident's ability to sell the land.

Ford argues that the purpose of the notice of *lis pendens* is to provide notice to any potential buyer that the outcome of the lawsuit may result in limitations on the use of the Wixom Site. Thus, argues Ford, its *lis pendens* notice is proper.

The parties did not cite to any Michigan state court cases in arguing whether a restrictive covenant affects title, and the Court did not find Michigan cases on point. However, state courts around the country have held that disputes surrounding restrictive covenants involve rights incident to title such that a *lis pendens* notice is appropriate. For example, in an Arizona case, *Tucson Estates v. Superior Court*, the plaintiffs, residents of a mobile home community, sought a court declaration of an implied restrictive covenant that a golf course be maintained for the exclusive use of residents of the community. *Tucson Estates v. Superior Court*, 151 Ariz. 600, 605 (1986). The plaintiffs recorded a notice of *lis pendens*, which the defendants demanded be removed. *Id.* at 602. The court noted that if declared by the court, the covenant would give residents who owned lots in the community the right to use the golf course, "which arises out of their ownership of such lots and would thus be a right incident to their title." *Id.* at 605. The court also noted that similarly, such a covenant would impose upon the defendant, the owner of the golf course, "a duty to maintain the land as such, a duty which is also incident to its title." *Id.* The court held that a notice of *lis pendens* may be filed when the object of a suit is to determine a right incident to title. *Id.*

In the Colorado case of *Hammersley v. District Court of County of Routt*, the plaintiffs were owners of a lot in a residential subdivision. They filed suit against an owner of an adjacent lot in the subdivision, seeking to enforce a restrictive covenant that imposes certain criteria with respect to constructing improvements. *Hammersley v. District Court of County of Routt*, 199 Colo. 442, 443 (1980). The plaintiffs alleged that the residence being constructed by the defendant would detrimentally affect the view

4

from their home. *Id.* The plaintiffs filed a notice of *lis pendens*, which the defendant sought to remove. The court reasoned that the case involved "the extent of limitations on the rights of an owner of a lot in a subdivision to construct a residence on that property. Those rights are incidents of the owner's title". *Id.* at 445. The court also noted that "[a]lthough the present litigation does not seek to change ownership in any way, it does involve a determination of certain rights incident to ownership and in that sense affects title to real property." *Id.* at 445-46.

The Court finds *Tuscon Estates*, 151 Ariz. at 605, and *Hammersley*, 199 Colo. at 445, instructive.

Ford seeks specific performance and injunctive relief; it asks the Court to require Trident to execute the restrictive covenant. This restrictive covenant would place prohibitions on the use of the property, affecting the rights of Trident and subsequent owners with respect to the Wixom Site. The Court finds that such rights are incident to the owner's title and affect title to real property. It follows that Ford's notice of *lis pendens* is appropriate.

> B. There Are No Equitable Grounds On Which To Cancel The Notice Of *Lis Pendens*

Trident claims that Ford's notice places a cloud on Trident's title, when Ford knows that Trident is actively attempting to sell the property. This irreparable harm, according to Trident, outweighs whatever benefit Ford or others obtain from the notice of *lis pendens.* Therefore, Trident argues, the notice should be cancelled on equitable

5

grounds; it says Michigan courts have given trial judges the discretion to do so if the judge believes the benefits of the notice are far outweighed by the damage it causes.

Ford argues that the *lis pendens* notice protects its interest and the public's interest without imposing on Trident more than its contractual duty to execute the restrictive covenant. Specifically, Ford argues that without a signed restrictive covenant by the property owners, it cannot fulfill its obligations under the NREPA to address the environmental conditions of the Wixom Site. Only with the notice of *lis pendens*, according to Ford, can it be assured that it will obtain the restrictive covenant to fulfill its obligation, and that the property will not be sold to a party that may contest its obligation to sign the restrictive covenant. Ford also claims that the public has a right to know that a subsequent owner will be required to follow restrictions on the property. Finally, Ford argues that the *lis pendens* notice is not the impediment to Trident's attempt to sell the property; Trident has been trying to sell since December 2012, and the notice of *lis pendens* was not filed until July 21, 2017.

Beyond stating its conclusion, Trident does not explain how its title has been clouded by the *lis pendens* notice such that it cannot successfully find a buyer. Further, such arguments have been rejected in other courts. The defendant in *Hammersley* argued that "the notice of *lis pendens* will cloud his title and will impair its marketability." *Hammersley*, 199 Colo. at 446 n. 2. The court found that "[n]o unfairness to the owner or to the subsequent purchaser is perceived in binding them both by the judgment in the pending action." *Id.* Further, the court observed that the plaintiffs, similar to what Ford argues, had "a legitimate interest in obtaining a final resolution of the questions in litigation" and that notice of *lis pendens* was necessary to protect this interest. *Id.*

The Court sees no reason to find that the harms of the *lis pendens* notice outweigh its benefits, and will not cancel it on equitable grounds.

IV. Conclusion

Trident's amended motion for cancellation of the notice of *lis pendens* is DENIED. Also, the Court declines to award Trident's fees and costs incurred in the preparation and filing of its Motion.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: March 20, 2018